## UNTERREIN, ADM'R. vs. McLANE.

1. The failure to enter judgment in the Circuit Court, against the sureties in a recognizance, for an appeal from a justice of the peace, is no bar to a suit on the recognizance.

2. In a suit on such recognizance, no assessment of damages is required, but the judgment is for the penalty—and in some cases for interest thereon.

3. In a *sci. fa.* on such recognizance, if no plea be filed, judgment will be rendered at the first term.

4. The judgment can not exceed the penalty of the recognizance, and interest thereon.

### APPEAL from Perry Circuit Court.

HOLDEN *for Appellant.*

FRISSELL *for Appellee.*

SCOTT, J., *delivered the opinion of the Court.*

McLane sued Ignatius Winkler, in a justice's court, and recovered judgment. Ignatius Winkler thereupon took an appeal to the Circuit

Court, and entered into a recognizance to McLane, with Jos. Winkler, the intestate of the appellant, in the sum of $100, conditioned according to the requirements of law. Before the trial of the appeal in the Circuit Court, Jos. Winkler, the surety in the recognizance, died, and a trial being afterwards had, judgment was rendered against Ignatius Winkler, and in March, 1845, a *scire facias* issued against Anthony Unterrein, administrator of Joseph Winkler, the surety; there being no defence, a final judgment, in November following, was rendered on the *sci. fa.* against Unterrein, for the sum of $114 46, and costs. The judgment was for a recovery of the debt, and not an award of execution. From this judgment Unterrein appealed to this Court, after a motion to set it aside and in arrest.

The first point made for the appellant was, that the remedy on this recognizance was in the Circuit Court on the trial of the appeal, and that the recourse against the representatives of the surety is lost by his death, as the appellee, before the trial, might have required a recognizance with other sureties. This objection was considered and overruled in the case of Cockerill vs. Owens, decided at this term of the Court.

A second point was, that the *sci. fa.* was a suit within the meaning of the practice act, and a final judgment could not be entered at the return term; and that on the substitution of a new party, he was entitled to a continuance. R. C. 825, §19. There was no plea nor defence; a continuance then would have been unnecessary. The law allows a continuance from the return to the next term, but that is only granted when there is a plea or defence. The judgment was for the penalty, and consequently the debt liquidated, so no writ of enquiry was necessary. In the case above referred to, decided at this term, it was shown on what principles relief is afforded by the Courts when a judgment for the penalty is entered, in cases like the present.

The objection that the *sci. fa.* does not allege the non-payment of the judgment, or its continued existence, is not warranted by the record.

The case of Barton vs. Vanzant, 1 M. R. 134, was cited to show that the prayer for *judgment* in a *sci. fa.*, and not for *execution*, is matter of substance, and will therefore reverse the judgment. On a re-argument of the case, 1 Mo. R. 136, it was held that if the prayer of a *sci. fa.* be wrong, it is only matter of form, and good on general demurrer. There is no doubt that the prayer of the *sci. fa.* in this case was informal, as well as the final judgment, which was for the recovery of the debt, instead of an award of execution. In *sci. fa.* the prayer is for execution, 2 Saun.

6, and the judgment is that the party *have execution.* But informalities of this kind will not reverse a judgment. 4 Mon. 131.

I have not been enabled to find a case in our reports in which the extent of the liability of a surety, in an action on an instrument securing the performance of covenants by a penalty, was considered. In England it seems to be settled that when the action is for the penalty, there is no • recovery beyond it, either against the principal or surety, except in a few special cases. Hendley vs. Ardley, 14 Eng. Com. Law R., and the note to case 187. It will be unnecessary to cite the American cases on this subject, they are contradictory, and some of them lay down a rule different from that established in England. A learned judge, after a review of the cases, maintains the following doctrine, which seems consonant to justice: "The obligee cannot, in an action upon a penal bond against a surety, recover any thing more than the penalty of the bond, with interest thereon, from the time when a personal demand was made upon such surety for payment. There is a technical right to recover interest upon a money bond, beyond the penalty, by way of damages for the detention of the debt; if, therefore, the surety should delay the collection of the debt by an unreasonable protracted litigation, it might be proper to direct the jury to find damages to the extent of the interest which had accrued during such unreasonable and improper delay, but, as a general rule, the surety can only be considered as covenanting for the payment of the penalty of the bond, if the condition thereof is not performed by the principal debtor." Mower vs. Rip, 6 Paiges' C. Rep. 92. In the case before us the judgment exceeds the penalty of the recognizance by an amount greater than the interest due from the commencement of the suit; there was then no warrant for entering it, and the judgment will be reversed, and the cause remanded, the other Judges concurring.